UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EV TRANSPORTATION
SERVICES, INC.

        Plaintiff,

v.                                                   Civil Case No. 22-cv-10950
                                                    Honorable Linda V. Parker

MICHIGAN INCOME AND
PRINCIPAL-PROTECTED
GROWTH FUND, LP and
ADVANCED TECHNOLOGY
AUTOMOTIVE COMPANY LLC,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION FOR ALTERNATE SERVICE AND ISSUANCE OF NEW SUMMONS (ECF NO. 34)**

Plaintiff EV Transportation Services, Inc. ("EVTS") initiated this lawsuit on May 4, 2022, against Defendants Michigan Income and Principal-Protected Growth Fund, LP ("MIPP") and Advanced Technology Automotive Company, LLC ("ATAC") seeking a declaratory judgment that EVTS is the sole, unencumbered owner of the Firefly Marks ("EV IP"). (ECF No. 1.) On August 8, 2022, MIPP filed its Answer, a Counter-Complaint against EVTS, a Third-Party Complaint against e-Fleets Technology Corporation, and a Cross-Complaint

against ATAC.  (ECF No. 34 at Pg ID 536.)  Presently before the Court is MIPP's Ex Parte Motion for Alternate Service on ATAC.  (ECF No. 34.)  For the reasons below, the Court grants in part and denies in part MIPP's motion.

## BACKGROUND

MIPP is a Michigan limited partnership, whose principal place of business is in Michigan.  (ECF No. 1 ¶ 12, Pg ID 3.)  ATAC is a Michigan limited liability company that allegedly no longer operates.  (*Id*. at ¶ 11.)  On August 18, 2022, the Clerk of the Court issued a summons relating to MIPP's Cross-Complaint against ATAC.  (ECF No. 34 ¶ 3, Pg ID 536.)

MIPP claims in mid-September its process server attempted to personally serve the summons and Cross-Complaint on Gilbert Villarreal ("Villarreal"), ATAC's registered agent.  (*Id*. at ¶ 6.)  MIPP's process server allegedly spoke with Villarreal on the telephone, at which time Villareal informed the process server he would be out of the country for an indefinite amount of time.  (*Id*. at ¶ 7.)  In response, on October 18, 2022, MIPP attempted to serve Villareal by mailing the summons and Cross-Complaint to the Director of Licensing and Regulatory Affairs ("LARA"), Linda Clegg, pursuant to Michigan Court Rule 2.105(H)(3).  (*Id*. at ¶ 10, Pg ID 537.)  On November 29, 2022, the correspondence sent to LARA was returned as "Not Deliverable As Addressed."  (*Id*. at ¶ 13.)  MIPP claims the address it used was provided by a representative of LARA.  (*Id*. at ¶ 10.)

On November 29, 2022, MIPP re-mailed the summons and Cross-Complaint to LARA using the correct address.[1]  (*Id*. at ¶ 14.)

MIPP now asks the Court to extend its time to effectuate service on ATAC, as well as authorizing service of a newly issued summons to serve the Cross-Complaint on Villarreal's lawyer, John Ketzler ("Ketzler"), who has appeared in this action and allegedly discussed the case with MIPP.  (*Id*. at ¶¶ 11, 18, Pg ID 537-538.)  MIPP seeks to serve Ketzler by first class mail and email, asserting that "service on Ketzler is reasonably calculated to give ATAC actual notice of the proceedings and an opportunity to be heard."  (*Id*. at ¶ 21, Pg ID 539.)

## APPLICABLE LAW

Service of process on an unincorporated entity such as ATAC may be accomplished by several means, including "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(h)(1). Under Michigan law, a limited liability company may be served by:

> (1) Serving a summons and a copy of the complaint on the managing member, the non-member manager, or the

---

[1] The Court's own review of the United States Postal Service website, using the tracking information provided by MIPP, reflects the status of delivery to be "Delivered" as of December 2, 2022.  (ECF No. 34 at Pg ID 556); *see also* https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70191120000078409542.

>resident agent;
>
>(2) Serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company;
>
>(3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the [director of LARA or his or her designated representative] . . . a summons and copy of the complaint.

Mich. Ct. R. 2.105(H).

Michigan Court Rule 2.105 provides that if a party demonstrates "service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner *reasonably* calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1) (emphasis added). The plaintiff must first establish by sufficient facts that service of process cannot reasonably be made and second, that the proposed alternate manner is in line with the constitutional requirements of due process. *Zellerino v. Roosen*, No. 14-12715, 2014 WL 12659915, at *1 (E.D. Mich. Nov. 17, 2014) (internal citations omitted). "In Michigan, substitute service 'is not an automatic right.' A 'truly diligent search for

an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (internal citations omitted).

## ANALYSIS

MIPP has not demonstrated that service cannot be made through the applicable rules. MIPP's initial attempt at serving ATAC through LARA pursuant to Michigan Court Rule 2.105(H)(3) failed because the summons and Cross-Complaint were not mailed to the correct address, not because service in this manner was not possible. MIPP's corrected attempt thereafter was successful, however, the summons expired before delivery. As such, the Court does not find it necessary to grant MIPP alternate service at this point. However, the Court is granting MIPP's request for an extension of time to serve the Cross-Complaint on ATAC, and is directing the Clerk of the Court to issue a new summons. Thereafter, MIPP may attempt to properly effectuate service pursuant to Michigan Court Rule 2.105(H)(3).

Accordingly,

**IT IS ORDERED** that MIPP's motion to extend time to effectuate service (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART** in that MIPP is granted **fourteen (14) days** from the date of this Opinion and Order to complete

service on ATAC; however, MIPP's request for alternate service is denied without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue a summons for ATAC, which shall **expire thirty (30) days** from the date of this Opinion and Order.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: December 29, 2022